IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00631-WYD-MEH

RONALD G. JONES, and
SONDRA JONES,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Plaintiffs' Motion for Attorney Fees [filed April 1, 2016; docket #57]. This Court on March 9, 2016, ordered Defendant shall pay Plaintiffs' counsel their costs and attorney's fees reasonably incurred for both the February 23, 2016, and March 9, 2016 hearings, the preparation of the Status Report due February 24, 2016, and the preparation of the Motion for Sanctions filed February 15, 2016. *See* Courtroom Minutes, docket #55. Plaintiffs then filed the present Motion, providing affidavits with a summary of relevant qualifications and experience, a description of services rendered, the time spent, the hourly rate, and the total amount of attorney's fees and costs claimed. The Court has reviewed the Motion and Defendant's Response [*see* docket #68], has opted not to wait for a reply from Plaintiffs pursuant to D.C. Colo. LCivR 7.1(d), and now **grants in part** and **denies in part** the Motion[1].

---

[1]Because the Court had already at a hearing ordered that fees and costs would be granted, Plaintiffs should have filed a notice (not a motion) regarding this issue to provide information to the Court regarding total fees and costs. However, the Court will handle this as a motion as that

To determine a reasonable fee request, the Court must consider the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

The Motion seeks $28,095 in costs and fees. Motion, docket #57 at 4. Defendant counters that this amount is "vastly inflated." Response, docket #68 at 1. Considering these counsels' background and experience, the Court finds that the hourly rates are reasonable for the tasks performed and under the circumstances presented in this case. Defendant does not dispute that the hourly rates are reasonable.

However, the Court agrees with Defendant that many of the items on the list of charges Plaintiffs provide do not relate to those tasks for which the Court ordered fees and costs would be paid. Generally, Defendant objects to payments regarding time spent in four areas: (1) researching lawsuits filed against Defendant in other venues unconnected to this case; (2) responding to written discovery propounded by the Defendant; (3) communicating with Plaintiffs' expert about issues unrelated to the timeliness of document production by Defendant – the sole reason the Court granted sanctions; and (4) reviewing documentation and discovering response produced by Defendant, including initial disclosures. *See* Response, docket #68 at 2-5, 7. More specifically, the Court incorporates Defendant's line-by-line review of the list in those four areas, finding its analysis sound as to each item to which it objects. *See* Response, docket #68 at 2-7. Having removed those items, the Court allows $14,462.50 in fees and costs be paid to Plaintiffs.

Additionally, Defendant objects to administrative and miscellaneous costs and fees [*see id.*

---

is how it has been presented by Plaintiffs.

2

at 7-9] that the Court finds actually do fall within its order and should be paid by Defendant. The Court thus will also grant Plaintiffs' counsel those costs and fees, totaling $3,002.50, as they are all both reasonable and reasonably associated with those items covered in the sanction order.

Therefore, the Court **orders** that Defendant be sanctioned in the total amount of **$17,465.00**, to be paid to counsel for Plaintiffs as a reasonable sanction of attorney's fees and costs as detailed above and pursuant to *Robinson*. This amount shall be paid **on or before May 13, 2016**. Counsel for Defendant shall file a Notice of Compliance with Order re: Sanctions **on or before May 16, 2016**.

Dated at Denver, Colorado this 2nd day of May, 2016.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge